USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 12/20/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYL DUKES FOR RALPH DUKES
(DECEASED),
               Plaintiff,

-against-

NYCERS (NEW YORK CITY EMPLOYEES'
RETIREMENT SYSTEM), AND BOARD OF
TRUSTEES,
               Defendants.

15-cv-3846 (JGK)

MEMORANDUM
OPINION & ORDER

JOHN G. KOELTL, United States District Judge:

The plaintiff Cheryl Dukes, appearing pro se, filed this action on behalf of her deceased husband, Ralph Dukes. The plaintiff alleges that her husband, who worked as a motor vehicle operator for Kings County Hospital, sought to apply for line-of-duty and accidental-death benefits under the World Trade Center Disability filing program. (Compl. at 19.) The plaintiff alleges that her husband retired in 2002 and subsequently died on September 20, 2007. She asserts that he died in the line of duty and that the defendants wrongfully denied him line-of-duty status and accidental-death benefits. The plaintiff brought this action seeking to receive the benefits that she alleges were wrongfully denied to her husband.

I.

The Court must dismiss an in forma pauperis complaint, or portion thereof, that is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). While the law requires dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

**II.**

In an earlier action in the United States District Court for the Eastern District of New York, the plaintiff sued the same defendants regarding their denial of benefits to her husband. See Dukes v. NYCERS, No. 13-cv-5303 (JBW) (LB) (E.D.N.Y. Feb. 12, 2014) ("Dukes EDNY"). In that case, Judge Weinstein granted the defendants' motion to dismiss for lack of subject matter jurisdiction, holding that (1) a challenge to a state or local entity's determination must be brought in state court under Article 78 of the New York Civil Practice Law and Rules, and the plaintiff's complaint did not raise a question of federal law; and (2) because both parties were citizens of New York State there was

2

no diversity jurisdiction. Dukes v. NYCERS, No. 13-cv-5303, 2014 WL 583235 (E.D.N.Y. Feb. 12, 2014).

The Court of Appeals affirmed the judgment of the district court, and the United States Supreme Court denied the plaintiff's petition for a writ of certiorari. See Dukes v. NYCERS, No. 14-750 (2d Cir. Nov. 19, 2014), cert. denied, No. 14-9038 (May 4, 2015).

In her complaint in this action, filed on May 11, 2015, the plaintiff challenges the decisions of the Eastern District of New York and the Court of Appeals, arguing that her domicile was and is in Long Pond, Pennsylvania, and that diversity jurisdiction therefore does exist. It is unclear, however, whether the plaintiff can show that her circumstances have changed and that she is now domiciled in Pennsylvania. It appears that she was still residing in New York at the time she filed her complaint. See, e.g., Compl. at 12 ("Petitioner is a non-resident of the state of New York residing in New York out of necessity . . . .").

By order dated March 30, 2016, this Court determined that the plaintiff had not "cured" the jurisdictional defects and may therefore not relitigate the issue in this action. (Docket No. 9.) The plaintiff's complaint was therefore dismissed for lack of subject matter jurisdiction. See, e.g., Watson v. United States, 349 F. App'x 542, 544-45 (Fed. Cir. 2009) (summary order) (holding that res judicata applied in case where prior action was dismissed for lack of subject matter jurisdiction and plaintiff filed new

3

complaint alleging jurisdiction under same statute, raised identical claims against same parties as prior action, and failed to provide additional facts to cure jurisdictional defects); Zoriano Sanchez v. Caribbean Carriers Ltd., 552 F.2d 70, 72 (2d Cir. 1977) (giving res judicata effect where plaintiffs raised "the same claim, involving the same parties and arising out of the same circumstances" in two different district courts and where determination of lack of subject matter jurisdiction was "actually litigated" and "essential to [the first] judgment").

The plaintiff appealed the judgment of the District Court dismissing the Complaint. By order dated September 21, 2017, and Mandate issued on October 16, 2017, the United States Court of Appeals for the Second Circuit noted that domicile for diversity purposes is determined when an action is filed, see Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998), and that the plaintiff's domicile when she filed this action had not been adjudicated. Dukes v. NYCERS, 697 F. App'x 100, 100-01 (2d Cir. 2017). The court held that, construed liberally, the complaint alleges that the plaintiff has cured the jurisdictional defect by establishing domicile in Pennsylvania. The Court of Appeals also noted that because the plaintiff invokes jurisdiction under the Air Transportation Safety and System Stabilization Act ("ATSSSA"), Pub. L. No. 107-42, 115 Stat. 230 (2001), the district court may also have federal question jurisdiction over the plaintiff's

4

claims, an issue that was neither previously considered by this Court nor raised in the action in the Eastern District of New York. Id. at 101. The Court of Appeals directed this Court to "determine in the first instance whether this 'damages' provision covers a claim arising from a city pension scheme." Id. (citing In Re WTC Disaster Site, 414 F.3d 352, 373-80 (2d Cir. 2005)). The Court of Appeals therefore vacated the judgment and remanded the case for further proceedings consistent with its order.

### III.

ATSSSA creates a federal cause of action for damages "arising out of" the 9/11 aircraft crashes and vests the Southern District of New York with "original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001." ATSSSA § 408(b)(1) & (3). "However, not every insurance claim or dispute traceable to September 11 can be based on ATSSSA; the claim or defense must closely concern the events of that day." In Re Sept. 11 Litig., 765 F. Supp. 2d 587, 592 (S.D.N.Y. 2011). Moreover, "Congress . . . amended the ATSSSA to exclude civil actions to recover collateral source obligations from the exclusive jurisdiction provision." Troiano v. Mardovich, No. 06-CV-523 (LAP), 2006 WL 2320517, at *3 (S.D.N.Y. Aug. 10, 2006) (citing 49 U.S.C. § 40101 note; Pub. L. No. 107-71, § 201(b), 115

Stat. 646 (2001)). The term "collateral source" means "all collateral sources, including life insurance, pension funds, death benefit programs, and payments by Federal, State, or local governments related to the terrorist-related aircraft crashes of September 11, 2001." The Port Auth. of N.Y. & N.J. v. Allianz Ins. Co., 443 F. Supp. 2d 548, 555 (S.D.N.Y. 2006) (citing ATSSSA § 402(4)).

In light of the foregoing, it is unclear whether the Court has federal question jurisdiction under ATSSSA over the plaintiff's claims, and/or whether diversity jurisdiction exists. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

## CONCLUSION

These jurisdictional issues should be addressed at the outset of this litigation.

The plaintiff is directed to serve upon the defendants a copy of the complaint, the September 21, 2017 order and October 16, 2017 Mandate of the United States Court of Appeals for the Second Circuit, and a copy of this order, by **January 5, 2018**.

A conference is set for **February 26, 2018** at 4:30 p.m. All parties must attend.

**SO ORDERED.**

Dated: December 20, 2017
     New York, New York

                                            JOHN G. KOELTL
                                     United States District Judge