USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 1/31/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYL DUKES FOR RALPH DUKES (DECEASED),

          Plaintiff,

-against-

NYCERS (NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM), AND BOARD OF TRUSTEES,

          Defendants.

15-cv-3846 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, United States District Judge:

The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of resolving the jurisdictional issues in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

I.

The in forma pauperis statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. Id. Even if a court does believe that a litigant should have a free lawyer, under the in forma pauperis statute, a court has no authority to "appoint" counsel, but instead, may

1

only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., 877 F.2d 170, 172-73 (2d Cir. 1989).

In Hodge, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance" -- "a requirement that must be taken seriously." Id. at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

2

Id.; see also Cooper, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge, 802 F.2d at 61.

## DISCUSSION

The plaintiff filed a Request to Proceed in forma pauperis (IFP), which the Court granted. (See Order dated February 23, 2016, ECF No. 7.) The plaintiff therefore qualifies as indigent.

In the complaint, the plaintiff, Cheryl Dukes, brings this action on behalf of her now-deceased husband, alleging that the defendant wrongfully denied her husband his line-of-duty and accidental-death benefits under the World Trade Center Disability filing program. The Court finds that the plaintiff's claim is "likely to be of substance." Hodge, 802 F.2d 61-62. The Court finds that the other Hodge factors also weigh in favor of granting the plaintiff's application, particularly as there are jurisdictional issues that involve relatively complex legal issues that must be addressed at the outset of the case. (See Order dated December 20, 2017, ECF No. 17.) In this case,

representation would "lead to a quicker and more just result by sharpening the issues . . . ." Hodge, 802 F.2d at 61 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)).

Given the early stage of the proceedings, the Court will request that counsel appear for the limited purpose of helping the plaintiff effect service on the defendants; resolving the jurisdictional issues; and other preliminary procedural issues. The Court anticipates that this representation will include briefing as well as attendance at a hearing. In addition to handling the jurisdictional matters, pro bono counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of the plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. (See http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.)

Pro bono counsel will not be obligated for any aspect of the plaintiff's representation beyond the matters described in this order. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of the plaintiff will end when the jurisdictional issues have been resolved by the Court.

4

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of the plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to the plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent the plaintiff for the limited purposes described above. The Court advises the plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent the plaintiff. If an attorney volunteers, the attorney will contact the plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and the plaintiff should be prepared to proceed with the case without an attorney.

If the plaintiff does not want the Court to seek counsel to represent her, she must inform the Court by February 9, 2018. If the plaintiff does want a volunteer attorney to represent her, the Court requests that she so inform it immediately, so that the case can move forward.

5

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Dated: January 30, 2017**
**New York, New York**

JOHN G. KOELTL
United States District Judge